**In re NATIONAL ELEVATOR CORPORATION, Debtor.**

**Bankruptcy No. 87–04008.**

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

June 20, 1989.

Charles Liberis, Pensacola, Fla., for debtor.

John Brady, Newman, Drlla, Mathis, Brady & Wakefield, P.A., Baton Rouge, La., special counsel for debtor.

### ORDER DENYING INTERIM COMPENSATION

LEWIS M. KILLIAN, Jr.,
Bankruptcy Judge.

This Chapter 11 case is before the Court on the applications for interim compensation filed by the Debtor's attorneys, accountant, and special counsel. At the May 25, 1989, hearing, the United States Trustee appeared and objected to an award of fees at this time. The parties were orally advised at the close of hearing, the Debtor's applications for interim compensation are denied, without prejudice to seek compensation at a later time.

This case has proceeded in an irregular fashion. The case was filed on January 8, 1987. On September 30, 1987, the Court ordered the Debtor to file a plan and disclosure statement within sixty days. The plan of reorganization was filed on November 23, 1987, but no disclosure statement was filed until March, 1988. An amended plan of reorganization was also filed in March, 1988. At the hearing on the sufficiency of the disclosure statement in May, 1988, the Debtor was directed to file a supplemental disclosure statement within thirty days.

In July, 1988, a creditor moved to dismiss or to convert the Debtor's case to one for liquidation under Chapter 7. The motion was heard in September, 1988, at which time the Debtor was allowed an additional forty-five days to file an amended plan and disclosure statement. In November, 1988, the Debtor requested additional time to file his amended plan and disclosure statement. To date, no amended plan and disclosure statement have been filed.

At the May 25, 1989, hearing the United States Trustee objected to any award of fees based on the above chronology—that this case has been pending for over two years and there is still no confirmed plan of reorganization. In addition, the Debtor has not filed monthly reports with the Court since June, 1988. Neither the Court nor the creditors can determine the financial status of the debtor, or whether there are any funds available for the payment of any fees awarded.

Section 331 of the Bankruptcy Code provides "[a]fter notice and a hearing, the court *may* allow and disburse [interim compensation].  ..." (Emphasis supplied). An award of interim fees is within the court's discretion.

Due to the continued failure of the Debtor to follow the Court's orders and to promptly proceed with reorganization, interim compensation is denied, without prejudice, to make application at a later time.

ORDERED.